IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


COREY TURNER                                                          PLAINTIFF

                    v.                    Civil No. 6:11-cv-06081


DREAM REDDIC YOUNG, Administrator,
CMS/Corizon, Ouachita River Unit (ORU), Arkansas
Department of Correction; MS. WATSON, CMS/
Corizon, ORU; NURSE LOCK, CMS/
Corizon, ORU; NURSES JANE DOES 1-3,
CMS/Corizon, ORU; and SECURITY OFFICER
ALMO, ORU                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by Plaintiff, Corey Turner, pursuant to 42 U.S.C. § 1983.  He

proceeds *pro se.*  Plaintiff is incarcerated in the Arkansas Department of Correction, Diagnostic Unit.

On November 16, 2011, Plaintiff was ordered to submit a complete *in forma pauperis* (IFP)

application to the Court by December 5, 2011 (Doc. 6).  On December 12, 2011, Plaintiff was

granted an extension of time (Doc. 8) to submit the IFP application.  Specifically, he was given until

January 9, 2012, to submit the IFP application.

On January, 25, 2012, a show cause order was entered giving Plaintiff until February 15,

2012, to show cause why this case should not be dismissed based on his failure to obey the orders

of the Court and his failure to prosecute the action.  Plaintiff was advised that failure to respond to

the show cause order would result in the dismissal of the case.

Plaintiff has not responded to the show cause order.  He has not communicated with the

Court in anyway.  No mail has been returned as undeliverable.  I therefore recommend that this case

be dismissed with prejudice based on Plaintiff's failure to obey the orders of the Court and his failure

to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of February 2012.

/s/ *J. Marschewski*

 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE